**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| DL Farms LLC,<br><br>                       Plaintiff and<br>                       Counter-Defendant,<br><br>     vs.<br><br>United States Department of Agriculture,<br>Federal Crop Insurance Corporation, and<br>Risk Management Agency,<br><br>                       Defendants and<br>                       Counterclaimants. | **ORDER**<br><br>Case No. 3:21-cv-144 |

As noted in the Court's prior order (Doc. No. 29), this case presents with a highly unusual procedural posture, as it involves a complaint seeking judicial review of an administrative action related to DL Farms' 2019 crop insurance, and a counterclaim from the United States, along with a jury demand, alleging separate False Claims Act violations against DL Farms (and Darren Tronson, if joined as a party) in 2017 and 2018.  The Court previously denied DL Farms' motion to dismiss counterclaim.  Id.  The Court reserved ruling on DL Farms' motion to strike (Doc. No. 20) and the United States' motion to join party (Doc. No. 13) pending review of the supplemental briefing regarding whether allowing the counterclaim to proceed would unduly complicate the administrative action.  Both parties filed timely supplemental briefs.  Doc. Nos. 30, 32.

Having fully considered the supplemental briefing and the positions of the parties, the Court remains quite concerned that allowing the United States' counterclaim to proceed unduly complicates the administrative action, which is an appeal of an agency decision with a closed record. Specifically, the Court is concerned with the segregation of the filings and arguments between the administrative action, on the one hand, and the traditional litigation necessitated by

the False Claims Act allegations in the counterclaim, on the other. The difficulty in segregating the record presents an obvious issue should either party choose to appeal the ultimate decisions. The segregation issue also gives rise to the threat of consideration of material outside the administrative record in DL farms' initial complaint seeking judicial review of the administrative agency decision.   Notably too, based on the Court's research, permissive counterclaims to administrative actions typically involve a counterclaim relating to attorney fees, which is not the case here. See e.g., Taylor P. ex rel. Chris P. v. Missouri Dep't. of Elementary & Secondary Educ., No. 06-4254-CV-C-NKL, 2007 WL 869502, at *8 (W.D. Mo. Mar. 20, 2007)

"[T]he court has discretion to refuse to entertain any counterclaim, when allowing it would unduly complicate the litigation." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1420 (3d ed. 2017).  Additionally, the Eighth Circuit has found that district court's enjoy significant discretion with respect to docket management.  Burgett v. Snow, 175 F. App'x 787, 787–88 (8th Cir. 2006); see Griffin v. Super Valu, 218 F.3d 869, 870 (8th Cir. 2000). Further, there is wide agreement among the federal courts that district judges have broad discretion in managing their dockets. United States v. Hildebrand, 928 F. Supp. 841, 844 (N.D. Iowa 1996) (May 30, 1996) (collecting cases). Given the potential for the issues noted above, the Court believes allowing the counterclaim to proceed would unduly complicate the administrative action. Accordingly, in exercising its broad discretion, the Court grants the motion to strike the counterclaim. This Court takes no position on the merits of the counterclaim and notes that the claims alleged may be brought in a separately filed action.

III.    **CONCLUSION**

For the reasons provided above, DL Farms' motion to strike counterclaim (Doc. No. 20) is

**GRANTED**.  As a result, the Court **FINDS AS MOOT** the United States' motion to join party

(Doc. No. 13).

**IT IS SO ORDERED**.

Dated this 17th day of June, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court